UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>David Delgado,<br>      Debtor.<br><br>U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as Trustee, on behalf of the holders of Washington Mutual Asset-Backed Certificates WMABS, Series 2006-HE1 Trust,<br>      Movant.<br>v.<br>David Delgado,<br>      Debtor,<br>KENNETH E. WEST, Esquire<br>      Trustee/Respondent. | Bankruptcy No. 24-11898-djb<br><br>Chapter 13<br><br>Hearing Date: January 15, 2026<br>Hearing Time: 11:00 A.M.<br>Hearing Location: 900 Market Street, Suite 201 Philadelphia, PA 19107<br>Courtroom Number #2 |

**MOTION OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF WASHINGTON MUTUAL ASSET-BACKED CERTIFICATES WMABS, SERIES 2006-HE1 TRUST FOR RELIEF FROM THE AUTOMATIC STAY**
**TO PERMIT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF WASHINGTON MUTUAL ASSET-BACKED CERTIFICATES WMABS, SERIES 2006-HE1 TRUST FORECLOSURE OF 7923 ANITA DRIVE, PHILADELPHIA, PENNSYLVANIA 19111**

U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as Trustee,

on behalf of the holders of Washington Mutual Asset-Backed Certificates WMABS, Series 2006-HE1 Trust ("Movant"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) of the United States Bankruptcy Code ("Code") for a modification of the automatic stay provisions of the Code for cause, and, in support thereof, states the following:

1. David Delgado, filed a Voluntary Petition pursuant to Chapter 13 of the United States Bankruptcy Code ("Code") on June 03, 2024.

2. Jurisdiction of this cause is granted to the United States Bankruptcy Court ("Court") pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On September 30, 2005, David Delgado executed and delivered a Promissory Note and Mortgage securing payment of the Note in the amount of $168,000.00 in favor of American Mortgage, Inc. A true and correct copy of the Note is attached hereto as Exhibit "A".

4. The Mortgage was recorded October 21, 2005 in Document ID 51295489 of the Public Records of Philadelphia County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B".

5. The Mortgage was secured as a lien against the real property located at 7923 Anita Drive, Philadelphia, Pennsylvania 19111, (the "Property").

6. The parties entered into a Loan Modification ("Agreement") on July 19, 2016, creating a new principal balance of $189,676.05. A true and correct copy of the Agreement is attached hereto as Exhibit "C".

7. The loan was last assigned to U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as Trustee, on behalf of the holders of Washington Mutual Asset-

Backed Certificates WMABS, Series 2006-HE1 Trust and same recorded with the Philadelphia County Recorder of Deeds on November 26, 2013, at Document ID 52723819. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D".

8. Select Portfolio Servicing, Inc. is the servicer of the loan described in the Note and Mortgage and, as such, has the authority to initiate the instant action and any foreclosure on the Creditor's behalf.

9. Based upon the Debtor(s)' Third Amended Chapter 13 Plan ("Plan") (at Docket No. 21), the Debtor intends to cure pre-petition payment arrears due Movant through the Chapter 13 Plan and remains responsible for remitting all post-petition payments directly to Movant. A true and correct copy of the Third Amended Chapter 13 Plan is attached hereto as Exhibit "E".

10. Debtor failed to make monthly payments of principal, interest, and escrow in the amount of $1,691.63 which came due on August 01, 2025 to October 01, 2025 respectively.

11. Thus, Debtor post-petition arrears total $3,424.89, less a suspense balance of $1,650.00, as of October 08, 2025. By the time of hearing on this motion, Debtor will also be obligated to make additional monthly payments that become due beyond the cure period alleged above. In addition, as this Motion for Relief is timely filed, if applicable, Debtor is also responsible for related legal fees and costs in prosecution of this action.

12. As of October 8, 2025, the unpaid principal balance due under the loan documents is $176,777.39. Movant's total claim amount, itemized below, is $217,244.64. *See* Exhibit "F".

| | |
|---|---|
| Principal Balance | $176,777.39 |
| Interest 10/08/2025 | $23,046.91 |

| | |
|---|---|
| Escrow Advance | $16,565.58 |
| Suspense Balance | ($2,442.53) |
| Recoverable Balance | $3,297.26 |
| Total fees | $0.03 |
| Total Payoff | $217,244.64 |

13. Debtor docketed Schedule A/B list the value of the Property as $212,709.00. A true and accurate copy of Debtor Schedule A/B is attached hereto as Exhibit "G".

14. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause", which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the automatic stay under Section 362(d)(1) is established where a debtor failed to make installment payments or payments due under a court-approved plan on a secured debt or where Debtor(s) have no assets or equity in the mortgaged property.

15. Secured Creditor further provides that its acceptance of partial payments in the instant matter shall not constitute waiver of Secured Creditor's rights to pursue any present or future default in the event the partial payments are not enough to cure the entire default.

16. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Movant, its successors and/or assigns to pursue its state court remedies, including the filing of an action in Mortgage Foreclosure, or if foreclosure is completed, immediately scheduling the Property for Sheriff Sale.

17. Further, once the automatic stay is terminated, Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral Property; therefore, Movant requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(4).

**WHEREFORE**, Movant prays this Honorable Court enter an order modifying the

automatic stay under 11 U.S.C. § 362(d) to permit U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as Trustee, on behalf of the holders of Washington Mutual Asset-Backed Certificates WMABS, Series 2006-HE1 Trust to take any and all steps necessary to exercise any and all rights it may have in the collateral property described herein, gain possession of said collateral property, seek recovery of reasonable attorney fees and costs incurred in this proceeding, waive the 14-day stay imposed under Fed.R.Bankr.P. 4001(a)(4), and for any such further relief as this Honorable Court deems just and appropriate.

Date: December 15, 2025

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorneys for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
By: /s/ Jordan Katz
Jordan Katz, Esquire
PA Bar Number 334053
Email: jkatz@raslg.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br>David Delgado | CHAPTER: 13 |
| Debtor | CASE NO. 24-11898-djb |

## POST-PETITION PAYMENT HISTORY
## NOTE AND MORTGAGE SEPTEMBER 30, 2005

Recorded on October 21, 2005, in Philadelphia County, at Document ID 51295489.

Property Address:
7923 Anita Drive, Philadelphia, Pennsylvania 19111-2809

Mortgage Servicer:
Select Portfolio Servicing, Inc.

Post-petition mailing address for Debtor(s) to send payment:
Select Portfolio Servicing, Inc., Attn: Remittance Processing, P.O. Box 65450, Salt Lake City, UT 84165-0450

Mortgagor(s)/Debtor(s):
David Delgado

Payments are contractually due:

☒ Monthly  ☐ Semi-monthly  ☐ Bi-weekly  ☐ Other

Each Monthly Payment is comprised of:
Principal and Interest..... $700.87
R.E. Taxes...................... N/A
Insurance........................ $505.17
Late Charge.................... N/A
Other............................. $485.59   (Specify: N/A)
**TOTAL**........................ $1,691.63

**POST-PETITION PAYMENTS** (Petition was filed on June 3, 2024)

| Date Received | Amount Received | Payment Amount Due | Payment Date Applied to | Amount to/from Suspense | Check Number |
|---|---|---|---|---|---|
| N/A | $0.00 | 08/01/2025 | $1,691.63 | $1,650.00 | $0.00 |
| N/A | $0.00 | 09/01/2025 | $1,691.63 | $1,650.00 | $0.00 |
| N/A | $0.00 | 10/01/2025 | $1,691.63 | $1,650.00 | $0.00 |
| Total | $0.00 | N/A | $5,074.89 | $1,650.00 | $0.00 |

[Continue on attached sheets if necessary]

TOTAL NUMBER OF POST-PETITION PAYMENTS PAST DUE: 03 as of October 8, 2025.

TOTAL AMOUNT OF POST-PETITION ARREARS: $3,424.89, less a suspense balance of $1,650.00 as of October 8, 2025.

Dated: 12/04/2025

Select Portfolio Servicing, Inc.
3217 S. Decker Lake Drive
Salt Lake City, Utah 84119
Mortgage Company

Doreen Luamanuvae    Doc. Control Officer
(Print Name and Title)

12/4/25

24-11898-djb
24-216056
MFR